We will now hear argument in Case 19-1189, B.P. p.l.c. v. Mayor and City Council of Baltimore. Mr. Shanmugam. Thank you, Mr. Chief Justice, and may it please the Court. This case presents a question of statutory interpretation involving the provision authorizing appellate review of certain remand orders. The relevant provision of Section 1447d authorizes appellate review of a remand order where a federal officer or civil rights removal statute. By its plain terms, the statute permits review of the entire order, not particular issues. The Court of Appeals' contrary interpretation is invalid. Respondent offers virtually no textual defense of that interpretation, relying instead on case law, policy, and an alternative interpretation. But those arguments cannot trump the statutory text, and in any event lack merit. As to case law, this Court and the Courts of Appeals have consistently interpreted statutes permitting appellate review of an order to authorize plenary review, and Respondent's two contrary examples involve unique considerations. As to policy, the plain text interpretation is consistent with Congress' special solicitude for cases involving civil rights and federal officers. That interpretation accords with the background principle of plenary review, would lead at and could actually expedite resolution of the appeal. And as to Respondent's alternative interpretation, a defendant removes a case pursuant to the federal officer removal statute when it invokes the statute in its notice of removal, regardless of the merits of that ground. The sole remaining question is how best to dispose of this case. The Court should reverse the judgment below because Respondent's claims necessarily arise under federal law. This Court's precedents dictate the common sense conclusion that federal law governs claims alleging injury caused by worldwide greenhouse gas emissions. The Court of Appeals should have reached that ground for removal, and it should have held that the case was removable on that basis. The Court of Appeals' judgment should therefore be reversed. I welcome the Court's questions. Counsel, you just said that your theory applies regardless of the merits of the federal officer or the federal civil rights basis for removal. But what if those bases are frivolous, that everybody who wants to keep their case in federal court and put in as many grounds for removal as they can, and all they have to do is tack on one of these federal officer or federal civil rights grounds. Is that right? In that circumstance, sanctions and fee awards would be available, as they always are, whenever a litigant makes frivolous arguments, and a party could be subject to sanctions up to dismissal. Mr. Chief Justice, I don't think there's any evidence that parties engage in that conduct in the circuit that most clearly has adopted our rule, the Seventh Circuit. There's simply no evidence of that, and I don't think— What if it's beyond frivolous? What if the Court of Appeals just says, you know, I think we ought to look at this, and if it turns out they're wrong about the federal officer basis, we'll just send it back, and we don't have to consider all these other possible grounds. Well, I don't think that a court can do that, because the statute obligates an appellate court to consider all of the grounds for removal, and it contemplates a situation like this, where the federal officer or civil rights ground may not have merit. And that is why the use of the word order is so significant, and to adopt a respondent's interpretation, Congress would have had to make clear that the question or issue of federal officer or civil rights removal was all that was available on appeal, and Congress obviously did not do that. Justice Thomas? Thank you, Mr. Chief Justice. Mr. Shanmugam, I'd like to—I may have missed your last point. Did you say that even if the order or the basis offered by the moving party is frivolous, that it would still have to be considered? No. I think in that circumstance, the Court of Appeals would have the power to impose sanctions, and those sanctions would include dismissal of the appeal. I was— I think that's—again, I heard you say that to the Chief Justice, but why would that even be a basis for review? I think that's what we're getting at, as opposed to the sanctions. So I think that an alternative option that would be available to the court would be to say on a ground much like that that the court adopted in Bell v. Hood, that where the federal officer or civil rights ground is frivolous, there is no appellate jurisdiction. But I think our principal submission would be that sanctions and fee awards are available where that ground is frivolous. My last point to the Chief Justice, Justice Thomas, was simply that where the ground is not frivolous, but simply is found to have lacked merit, as indeed the Court of Appeals did in this case. The Court of Appeals nevertheless has to address the other grounds, and that is because the order that is under review necessarily encompasses all of the grounds for removal that were asserted in the Notice of Removal. So just so that I'm clear, you're saying that the courts, once the order is appealed, that the appellate courts have no discretion to consider grounds that were not the basis for the appeal? Well, the court would have the power to consider all of the grounds asserted in the Notice of Removal, and that is because what is before the court is the order, that is the command remanding the case to state court. And one benefit of our interpretation is that it gives the Court of Appeals flexibility in the other direction. If the Court of Appeals concludes that there is an easier ground than federal officer removal on which to reverse, it can do so. Thank you. Justice Breyer? Well, one concern would be that if you are right, in considering removal, a defendant will add grounds, federal officers, civil rights. There is a big difference between frivolous and meritorious. It's called uncertainty and possible and who knows. So they'll add on those grounds, it will get over to the federal court. The federal court will say that it's not frivolous, but it's wrong. And therefore, they will appeal on everything. And that means added time, added delay in a statute, the point of which no appeal is to cut down on the time and delay caused by appeal. So what? Justice Breyer, I would say two things in response to that. First, in response to the specific concern about abuse, I do think it's important to keep in mind that the federal officer and civil rights removal statutes are relatively narrow. It is certainly not going to be every civil defendant who is going to be able, plausibly, to invoke those statutes. And again, there is no evidence of gamesmanship or abuse in the circuit that is most... No, I'm not saying, I'm only saying, is there, the evidence point I've got, that's a good point. The, the, is there anything else to say? In the ground where you're a lawyer in your office and you say, ah, this isn't really much, ah, blah, blah, blah, but we better stick it in in case we want an appeal. You're not saying it's nothing, it's not something either. Justice Breyer, I think that would take me to my second point, which is, would it have been reasonable for Congress to have made this policy determination? And I would respectfully submit that it would have been. And again, we have no legislative history that even speaks to this issue. Our primary submission is that the text is clear, but I think that Congress could well have concluded that in light of the significant federal interests that are often in play in these cases, that even in circumstances in which the civil rights or federal officer ground is ultimately found not to have been meritorious, that Congress balancing the risk of erroneous remands against the risk of incremental delay could have struck the balance to permit plenary review consistent with the ordinary way that appellate review operates. Justice Sotomayor? Counsel, you're talking about what Congress balanced Congress could have chosen, but I think that the statute, every circuit court who had addressed this issue had already ruled that the only thing that was subject to review was a decision based on 1442 and had rejected your argument. Don't you think that if I'm trying to figure out what Congress intended, that I would look to what was before Congress in front of Congress in its understanding, number one? Number two, that when it told me that it didn't want appellate review of all issues and that it only wanted appellate review of 1442 and 1443 issues, that our review should be limited to what it wanted? Justice Sotomayor? I do know that we have some of my colleagues who believe that exceptions should not be read narrowly. I don't happen to be one of them, but even if I read order the way you want, I don't think I can read it in isolation. And I think those two other factors make me believe that what Congress intended is not what you say. Justice Sotomayor, with regard to ratification, first, the law was hardly settled at the time of the 2011 amendment. It is certainly true that several circuits had adopted respondents' interpretation, but they did so with conclusory reasoning, and most of them predated this court's decision in Yamaha, where the court construed a statute using materially identical language in the opposite direction. Except that Yamaha had already been decided, counsel, and despite that, those circuit courts were ruling against you. Well, I think most of the circuit decisions that respondent invokes predated Yamaha. There were a few that postdated it, but our submission is simply that Yamaha ought to be taken into account. In addition, Congress merely added two words. It did not reenact the entire provision. It didn't make comprehensive amendments, and it's hard to say with any confidence that Congress's failure to speak more clearly reflects approval of those preexisting circuit decisions. Justice Kagan? Mr. Sharmagam, when you were talking with the Chief Justice and Justice Thomas about frivolous cases, you seemed to want to rely on sanctions rather than a kind of Bell v. Hood rule, and I'm wondering why isn't a Bell v. Hood rule that says that the court has no jurisdiction with respect to frivolous assertions of that kind, why isn't that the better way to go? I think that option is available to the court, Justice Kagan, as we said in our brief, and if the court thinks that sanctions and fee awards would be insufficient in this context, knowing that that is what the court ordinarily relies on to deter improper conduct by litigants, I think that the court could adopt a Bell v. Hood-like rule, and again, if there were more evidence that this was a problem and Respondent does not cite a single example of the sort of gamesmanship that it posits, then perhaps the court should take that further step, but again, as this court recognized, for instance, in Arthur Anderson in the context of appeals in the arbitration context, sanctions and fee awards paradigmatically would apply in a situation like this, where a party is advancing a frivolous argument and doing that for an improper purpose, namely for the purpose of establishing appellate jurisdiction where there otherwise would not be any, and whether that's a matter of statutory fee shifting or sanctions, Rule 11 sanctions, or even the use of a court's inherent authority, again, the sanction of dismissal would be available, dismissal of the appeal, and I think that would suffice to deal with those situations. Thank you very much. Justice Gorsuch? I'd like to press on the Bell v. Hood argument a little bit from the other direction. Isn't it a little bit odd to police jurisdiction based on whether an argument is frivolous or not? Wouldn't that seem to be more of a merits determination in the first instance? For a party arguing that we need to follow the strict language of the statute with respect to our jurisdiction of orders, I'm not sure I understand where this authority to dismiss for lack of jurisdiction, frivolous arguments might emanate, what penumbra it emanates from. Justice Gorsuch, as I'm sure you're aware, the Bell v. Hood rule has been criticized, including I believe by Chief Justice Rehnquist on precisely that ground, and I think it's not really a matter for the court to decide whether it... Well, counsel, I mean, you're as familiar with those criticisms as I am, and yet you press the point. So I don't think you can press the point and then say, well, I don't know, your court can do whatever it wants. I mean, surely you have to take a position here. Well, my submission is simply that the court may wish to consider that, but its decision on whether or not to consider that obviously depends on the court's view on the underpinnings of the Bell v. Hood rule. Oh, okay. So here's this crazy rule that you guys made up, and you can continue to make it up if you want. I express no views. Is that where we are? I just want to be clear. The court has repeatedly reaffirmed that rule. It would require an extension of that rule, which applies in the context of a federal district court's jurisdiction, to this different context. And so for the court to do that, it would have to first conclude that it is comfortable with the underpinnings of the rule, and second, I think, conclude that sanctions and fees would be insufficient. And our frontline submission, Justice Gorsuch, is there is no reason to think that those would not be sufficient in this context. Justice Kavanaugh? Thank you, Chief Justice. Good morning, Mr. Shanmugam. I think a problem for you here is the ratification doctrine that Justice Sotomayor raised. And best I can tell, all the courts of appeals had not adopted this reading as of 2011, that no court had deviated from that interpretation. What do we do with that? Are we to say that the ratification doctrine really doesn't have that much force, which I think it sometimes is overused, just speaking for myself, or how are we to get around that here from your perspective of trying to convince us to adopt your position? I think, Justice Kavanaugh, that this court can apply its existing precedent on the ratification doctrine and comfortably still rule in our favor. And I made two points in response to Justice Sotomayor. The first, that the law was hardly settled and that, at a minimum, in considering the state of the law... It was settled. It was settled. There were a lot of court of appeals. No one had gone the other way. But I think that is only true if you take a very narrow view of the relevant question for ratification purposes. And again, I think, at a minimum, you have to take Yamaha into account, because it was this court's most recent pronouncement involving materially identical statutory language. And this court has made... Go ahead. I was just going to say, and this court has made clear that where decisions have only conclusory reasoning, they are not entitled to significant weight in the ratification analysis. And it was really... Sorry, I have to jump in to get a second question, which is, why do you want to be in federal court rather than state court? Well, I think simply because we believe that the claims here arise under federal law, and the easiest basis for that is the federal common law ground that the court of appeals did not reach because of its resolution of the question presented. We believe the answer on that question is dictated by this court's precedence, and that federal jurisdiction is therefore mandated here. Thank you. Justice Barrett? Well, Mr. Shane, again, let me pick up where you just left off. Don't you think it would be fairly aggressive for us to resolve the federal common law question here, assuming that we agreed with you on the antecedent removal point? I don't think so, Justice Barrett, because that issue really goes to the appropriate disposition in this court, whether the court should simply vacate and remand or reverse outright. And that issue is fully briefed here, and we believe that the answer is clear under this court's longstanding precedent. And there's also, I think, a very significant prudential reason for the court to reach that issue because, as you are aware, there are some 20 of these cases pending nationwide in courts around the country, and indeed there are a number of cert petitions and follow-on cases that are currently pending before this court. And I think in light of all of those considerations, it would be appropriate for the court to resolve that question. And the answer to that question is clear because this court, for more than a century, has applied federal common law to claims seeking redress for interstate pollution, including most notably in AEP with regard to very similar nuisance claims alleging injury from global climate change. Mr. Cheney, let me interrupt you there and circle back to the congressional ratification point. As Justice Kavanaugh pointed out, the circuits were against you. They'd adopted the opposite position. You pointed out in your briefs that the leading treatise, Wright and Miller, had criticized that rule. Should we factor that in at all into our analysis, that there was some criticism of the rule even though it didn't come from courts? I think that's a relevant factor, and I think the government agrees, and Mr. Lucas can speak to that as well, but ultimately, of course, it's the case law that drives the analysis. And when you have a unanimous, clear decision from this court construing materially identical language and court of appeals decisions that really had very conclusory, if any, reasoning, I think that the law was unclear, and when you add onto that that all that Congress did here was merely to add two words, 1442 or, I don't think that you can conclude that there is ratification, particularly when you go back to the original version of 1447D in the Civil Rights Act where Congress was plainly very concerned about the risk of local prejudice. I think that the court should not blind itself to that context in making this interpretive decision. Thank you. A minute to wrap up. Mr. Shanmugam? Thank you, Mr. Chief Justice. So, as we've been discussing, we believe that the plain language of Section 1447D resolves the question presented and really does permit an appellate court to review the entirety of a remand order where a ground for removal was the federal officer removal statute. We do also respectfully submit that the court should proceed to ensure that this case and the many others like it proceed in federal court. There is something profoundly counterintuitive about the notion that these cases, which seek relief for injuries caused by worldwide greenhouse gas emissions, should be litigated in state courts under the laws of different states. This court has long made clear that as a matter of constitutional structure, such claims necessarily arise under federal law. The United States has agreed with that proposition, and resolving that issue now will preserve the resources of the judiciary and the parties and ensure the orderly resolution of these cases. And accordingly, this court should not simply vacate, but reverse the Court of Appeals judgment. Thank you. Thank you, counsel. Mr. Lucas? Thank you, Mr. Chief Justice, and may it please the court. This court should hold that Section 1447D means what it says. There is simply no natural way to read the phrase, in order of remanding a case, as part of an order of remanding a case. Therefore, once Section 1447D authorizes an appeal of a remand order, there is no basis for artificially limiting the scope of that appeal to a particular question. Respondent resists that straightforward reading, but never denies that its approach would give the phrase, in order of remanding a case, different meanings in two back-to-back clauses of the same sentence. Instead, respondent pivots to a novel textual theory in its merits brief, based on the phrase removed for suing to. But that argument can't be squared with how removal actually works. At the end of the day, respondent's arguments are really about policy, namely a legislative desire to prevent delay. But when Congress has already authorized an appeal of a remand order, considering multiple issues is unlikely to prolong litigation much further and may, in fact, expedite it. I welcome the court's question. Counsel, I would like to get back to the question I asked your friend previously. Is the appellate court required to consider those additional grounds for removal or simply permitted to do so? Not with respect to whether the federal office or ground is frivolous, but let's say they just look at that first and they determine it wasn't frivolous, but it just happens to be wrong, and therefore we don't have to look at the other bases. I don't think in that context, Your Honor, whether this was not a frivolous or a bad-faith assertion of federal officer removal, that an appellate court could simply close its eyes to questions that were presented and that a defendant had the right to appeal. So no, I don't think in that context they could. But in cases where there is actually abuse, I think as Petitioner explained, one of the grounds for such abuse of appellate process would be a dismissal of the entire appeal. Are there any grounds on which your position differs from that of the Petitioner? With respect to the question presented, I don't think so, Your Honor. I think we think that this statute here means what it says, and that it's just implausible to read the word order remanding a case to mean a portion of that order remanding a case. What about on the remedy? On the remedy, we haven't taken a position. We think the court could address the issue in this case, and we think that's important to the Federal Common Law issue. We think it's an important question that the court will need to resolve at some point or another, but we haven't taken a position on whether the court should use its discretion to decide it here. But whatever this court decides to do with that issue, we do think that it should confirm that Section 1447D permits appellate review of orders rather than issues. Justice Thomas? Thank you, Mr. Chief Justice. Mr. Lucas, you may be right, may or may not be right on the statutory reading of this, but there's an odd ... I can't avoid the odd sense that it seems as though we are smuggling into a review, appellate review, of other issues that are not necessarily the issues that are front and center, like federal officer. Could you somehow help me to eliminate that sense of awkwardness? Certainly, Justice Thomas. I would point you just to the fact that this really isn't that unusual. I think in other contexts, the baseline is really what triggers appellate review doesn't necessarily define the scope of that review, and I think Yamaha is a good example. So there, this court declined to answer the question that was certified in the interlocutory order because it was based on an incorrect premise, and had this court taken an approach similar to the one respondent advocates here, it would be left with essentially adjudicating a question that didn't really matter because it rested on the wrong foundation. I think you can see this in other contexts, such as with respect to review of interlocutory orders concerning injunctions, or even with this court's direct review over three judge district court injunctions. I know you said that you're not going to take a position, or the government is not taking a position on whether or not we should get to the federal common law issue, but do you have an opinion on whether or not such a, there is a federal common law principle on climate change injuries? Yes, Your Honor. We do think that respondent's claims are inherently federal in nature, and although respondent, like the plaintiffs in the Ninth Circuit Oakland case, has tried to plead around this court's decision in AEP, its case still depends on alleged injuries to the city of Baltimore caused by emissions from all over the world, and those emissions just can't be subjected to potentially conflicting regulations by every state and city affected by global warming. Thank you. Justice Breyer? No, you may, go ahead, you can, I pass on this. Justice Sotomayor? Counsel, this case is proof of how long a case could be extended if we permit review of every other argument than that raised initially in the complaint. You know, the focus of the cert position was on the federal officer question, and whether other issues could be resolved, but the grounds for removal was 442, and that was what was at issue. So I'm not sure I agree with you that there isn't inherent delay, but let me ask you a couple of things. Yamada was decided in 1996. Congress amended the statute in 2011. In that period gap of, for 15 years, Wright and Miller had questioned the majority rule, but suggested that it needed Congress to change it, because it read the limitation the way that respondents do. So I'm not sure how you get around ratification, and that it has to have some meaning, especially when we're talking an exception that could open the floodgates of appellate litigation in the federal system. Respectfully, Justice Sotomayor, I disagree with that reading of Wright and Miller. I think the treatise there from 1992 was clearly making a textual argument based on the word order. Indeed, it anticipated this court's decision in Yamada, which came four years later. But I think with respect to ratification— What do we do with the two authors who have submitted briefs saying that they think the natural reading is what the circuits have made it to be? You can certainly take them into account, Your Honor, but I do think that when we're looking at the weight of authority for ratification purposes, it's important to focus on quality, not just quantity. And I do think that if you look at all the court of appeals decisions that respondent writes in its brief, all of them are very conclusory, and they're not really engaged with the text at all. To the extent there's any analysis at all in these court of appeals decisions, they're really rooted in purpose. And I think a good example is the earliest decision that I'm aware of on this subject from the Sixth Circuit in the Appalachian Volunteers case. And on the other side of the ledger, not only do you have Wright and Miller making the textual argument, you also have this court's decision, not only in Yamada, but also in cases in other contexts, going back to the Ironworks case from 1897, construing order as it's plainly understood. Justice Kagan? So we do think that the question wasn't settled in 2011. Justice Kagan. Mr. Lucas, I'd like to give you a hypothetical. Suppose that there's a removal on multiple grounds, including 1442, and then there's a remand, and then the defendant decides that he wants to appeal, but he decides that he just wants to focus on the other grounds for removal, so he abandons the 1442 ground. Would the court of appeals still have jurisdiction to decide the other removal issues? I think in that context, that may well be a situation for a remedy, such along the lines of belty hoods, or dismissal, or some other form of sanctions, if it's an indication that this was really a ground asserted solely to get jurisdiction. Well, I mean, actually, it's not a frivolous argument. He just doesn't think it's as strong as other arguments, and he abandons it. Is there still jurisdiction? I think in that context, you could still apply a sort of belty hood type situation, and I think it would be analogous to the three-judge district court context, where this court, in recent cases such as Shapiro, has reaffirmed that if a party seeks to get a three-judge court jurisdiction, and then this court's direct review under 1253, and the constitutional claim is an insubstantial one, then it can't, the entire case can't be dismissed. I guess I don't understand your argument. I mean, I can understand your hesitation in answering the hypothetical the opposite way, but once you answer me in that way, it seems as though you're not really, you know, order doesn't really mean order in the way that you insist that it does. To clarify, Justice Kagan, I think in that context, these are simply remedies that the we're not saying that the meaning of the word order changes in that context, simply that if this court is concerned about those hypotheticals, and they do arise, remedies would be available. And I would note— So there is jurisdiction, but the court has discretionary remedies available to it? Yes, Your Honor. I mean, if that's the case, I'm going to ask, like, what sense that makes. Do you think that that's really the statute that Congress wrote here, which is a statute that's talked about 1442, but allows the court to exercise jurisdiction in a case in which 1442 was long gone? I think, Your Honor, the purpose, to the extent we're trying to define one, is that once a case is on appeal under Section 1447d, there's no good reason for a court of appeals to artificially limit the scope of appellate review. And going back to my colloquy with Justice Thomas, I would underscore that this isn't an unusual situation. It happens in reviews of all sorts of interlocutory courts, including in Yamaha. Justice Gorsuch. I'll pass. Thank you. Justice Kavanaugh. Thank you, Chief Justice, and good morning, Mr. Lucas. I think this is a close call, this case. You have the text that you assert. You're reading the text, and Yamaha obviously helps you. But there are also problems. One is the inequity between defendants, one of whom taxed on 1442 and therefore gets appellate review, the other of whom doesn't have the ability to tax on 1442 and doesn't get appellate review, even though they have the same other attempted federal question ground. So that's one problem, which makes it seem doubtful that Congress really intended this. There's also the gamesmanship problem. And then there's the ratification, which I want to zero in on with you. What exactly would you say about the ratification doctrine? Because if you just read the black letter description of the ratification doctrine and lay it down here, it would seem to apply. So why doesn't it apply? First off, Justice Kavanaugh, we don't think that order remanding a case can really be susceptible to any ambiguity here. But even if you think that it is ambiguous and you want to rely on the ratification doctrine, I would just underscore that the circuit cases you have here really don't engage with any sort of text. And to the extent there's any reasoning at all, rather than just citations to other circuit court cases, they're really just about purpose. And even if that is quite conclusory. And on the other side, I would note that you do have this court's cases in other contexts, but certainly similar ones, as well as the leading treatise anticipating this court's decision in Yamaha based on the text of the statute. So you think a prerequisite to applying that doctrine is a conclusion of ambiguity? I don't think all of our cases have said that. But that's your view of how the doctrine should apply? I think so, Your Honor. And that's at least how I understand cases such as Milner versus Department of Navy and the like. But even if you disagree with me, Justice Kavanaugh, I still think in this context, it's hard to say that Congress thought this question was settled in 2011, which I think everybody agrees is the sort of touchstone of the ratification analysis, when you have on the one side, yes, a number of circuit cases, but they're poorly reasoned ones. And on the other side, you do have this court's precedents in other areas and the leading treatise. So I think in that context, it's just hard to say that Congress would look at this landscape and say that, yes, this issue is firmly and conclusively settled. Thank you. Justice Barrett? Counsel, I want to go back to Justice Kagan's question, because I had the same one, the one about multiple grounds for removal, there's a remand order, you decide to appeal it, but you decide not to include the 1442 or 1443 ground in the appeal. And when Justice Kagan asked you if there would be jurisdiction, you kind of hudged a little bit and said maybe that was an instance in which bellvyhood could be used or sanctions could be used, but I don't see why, so long as the 1442 or 1443 ground wasn't insubstantial or frivolous. So could you say a little bit more about that? So if no such remedy applies, and in terms of a sanction here, that it's not susceptible to a bellvyhood type construction or to a sanction available, then I think the text of the statute would control, but I do think that's going to be rare when you get a context like that, because I think in those cases, it's quite likely that those can be fairly characterized as evidence of bad faith. If a party seeks to gain appellate jurisdiction using one of these grounds and then abandons that argument on appeal, that would seem to me to be a pretty good candidate for an instance of a bellvyhood type remedy or any number of sanctions available in this context. Well, I'm not sure about that, because if it was a decent argument, but they just decided not to press it on appeal, I'm not sure that's a candidate for sanction or bellvyhood, even if, as Justice Gorsuch was pointing out, we wanted to continue the life of bellvyhood any further. But I don't have any other questions. Thanks, counsel. Mr. Lucas, a minute to wrap up. Thank you, Mr. Chief Justice. A few quick points. On gamesmanship, I just want to underscore that Respondent has neither identified any evidence of abuse in the circuits that review the entire remand order, nor really offered any compelling reason to expect that situation to change. And if problems ever do arise in the limited set of cases where a defendant can plausibly invoke Section 1447D's exception, at the end of the day, they can always be addressed by Congress. In the meantime, the theoretical possibility of undesirable consequences is no reason to Rather, appellate courts should be able to figure out whether a remand order resulted from a legal error, even if that error doesn't involve federal officers or civil rights. That's how this court has approached other types of orders, and there's no good reason for treating remand orders any differently. Once Congress has authorized an appeal under Section 1447D, it doesn't serve anyone for appellate courts to artificially limit the scope of their review. Thank you. Thank you, counsel. Mr. Scheer? Thank you, Mr. Chief Justice, and may it please the Court. According to petitioners, merely referring to Section 1442 in a removal notice guarantees a defendant an appeal as of right of every ground rejected by the district court, even if the 1442 ground is meritless and even if the defendant drops it on appeal. That is not a permissible reading of 1447D. That section, a general prohibition subject to a narrow exception, tethers appellate review to two designated grounds, 1442 and 43, and to those grounds only. This court has never held that review of an order necessarily encompasses every issue addressed in an order. Its interpretation of similarly worded statutes proves this. Moreover, the exception clause limits review to removals pursuant to 1442 or 43, meaning where the removal was in compliance with or in accordance with those statutes. The Court of Appeals must decide if federal officer jurisdiction exists, not merely whether a defendant asserted it, perhaps as a bootstrap to obtain review of grounds otherwise absolutely barred. This case was not removed pursuant to 1442 because, as the courts below held, petitioners do not qualify for federal officer removal. Petitioner's interpretation thus runs counter to the language and structure of 1447D, and even if the language were not clear, their view violates basic principles of statutory interpretation. Finally, petitioner's construction ignores that in 2011, Congress ratified 50 years of unanimous circuit court authority that limited review of remand orders to the exception clause's enumerated grounds and only to those grounds. The courts in those cases held that the language was clear and that was what supported their jurisdictional analysis. I welcome your questions. Counsel, you just said that the petitioner's reading of 1447D is contrary to the language of the statute. I will give you an uninterrupted three minutes to explain to me how the language and order shall be reviewable by appeal or otherwise should be read to say a portion of an order remanding a case shall be reviewable by appeal or otherwise, solely with respect to the text of that. I know you have arguments outside the text, but with respect to the actual text, what's your best argument? Sure, Your Honor. The first thing we have to keep in mind is that you have to look at the sentence as a clause, which is a general and absolute bar on appellate review remand orders. So then when we look at the second clause, we have to look at the words not in isolation, but in relation to their neighbors. And there we see that an order is reviewable, but only if it is an order in which the removal was pursuant to section 1442 or 1443. Petitioners assert that pursuant to is merely a label in the removal notice. But we know that can't be right because, for example, in an earlier section in 1446, which is actually the procedure for removal of civil actions, the removing party has to, the attorney has to file pursuant to Rule 11. And Rule 11 has both a procedural signature component and substantive. That is, that the grounds have to be done not for delay and with substantial basis in the evidence, et cetera. Now the key point is that the issue isn't whether the order is reviewable, but what the scope of that review is, and both the structure of the sentence, that is, the tethering to 1442 and 1443, and this court's treatment of similar language in other statutes like 1257, the Criminal Appeals Act, and section 1291, review of single orders is limited to certain issues within those orders, even though the language of the statute itself doesn't distinguish among those issues. So for all those reasons, the use of the word order and the use of the word reviewable have never meant to this court that that necessarily means a reviewing court has to address every single issue raised within an order. To the contrary, this court has frequently disentangled issues and made clear in cases like Swint and Abney and Barron's, all of which petitioners ignore, that you cannot use an appealable issue as a ticket for multi-issue appeals that are not allowed. Thank you, counsel. Justice Thomas? Thank you, Mr. Chief Justice, counsel. I don't want to belabor the point, but I think it's an important point. Could you give us, you mentioned some cases that support your point. Could you give us further details about those cases and why they support your point? Sure, Your Honor, and let me point to one other structural thing in section 1447 itself that supports this analysis. Section 1447C says that an order remanding the case may require payment of just costs and expenses incurred as a result of the removal. So it requires the award of fees to be part of the order. The circuits that have looked at this, and it's 12 of them, only the federal circuit has not, have held that the award of fees is reviewable even if the rest of the order falls within the bar of the general non-reviewability clause. As to your specific question about cases, in Swint, a case involving section 1983 claims there was a single order denying motions for summary judgment. This court said that the portion of the order denying qualified immunity was reviewable, but not an order whether specific defendants were policy makers. That portion of the order was not reviewable. In Abney, there was a single order, and it was okay for the appellate court to review the order denying a motion to dismiss with respect to double jeopardy, but not with respect to the same order denying challenge to the sufficiency of an indictment. And in Barron's, a wrongful discharge case, Justice Scalia explained that a single order could be reviewed with respect to the issue of denying qualified immunity, but not with respect to determinations of evidentiary sufficiency. And in our brief, we discussed the cases under the Criminal Appeals Act, as well as under section 1257. You cannot allow a party that has a non-meritorious issue, as petitioners have here, to use that issue as a hook to open up issues that this court and the statute have plainly barred. Thank you. Justice Breyer? Good morning. I see the linguistic argument, which is tough for you, but I see the argument from, that's order, and the argument from Yamaha, which is to overcome those. I'm not focusing on those. I want to focus on a problem that occurred to me. It's in every legal system. It's important to have an appeal. It's unfair not to give people appeals. But, if you give them appeals in the middle of the case, too often, you will really muck up the system, take too long. And so, we allow some things to go ahead, even though there was no appeal, and it might be unfair and wrong, because we don't want to muck up the system. That's what I see underlying this statute since 1887, you know? Nope, no appeal. But, now they have an appeal on some things, so you're not going to waste a lot of time. It's in the Court of Appeals anyway. You'll waste some time if you let them have other things, but the big waste, the big time-consuming thing is getting the appeal in the first place. Now it's here, so we've undercut the main reason for not giving people an appeal. We've undercut it, not destroyed it. Now, if that's correct policy, then that's on the other side that you're trying to argue. So, I want you to see what you think. I don't think it is, Your Honor. These grounds for appeal, as this court explained in the Ruiz case, talking about why that provision was jurisdictional and limited to a single issue, diversity jurisdiction is a good example, Your Honor. You don't obtain diversity jurisdiction by having a colorable argument that there's diversity jurisdiction. You either have it or you do not. The same is true for federal officer jurisdiction. It either exists or it does not, and if it does not, then the plain language of the statute limits and tethers the appellate court's scope of review, and that's the end of the issue. The notion that there's an efficiency that requires a court is based on two assumptions, both of which are wrong by the petitioners. The first is that there's a link somehow between asserted grounds for removal, but the fact that a party has asserted federal officer jurisdiction, which it does not have, and which in this court it doesn't challenge, does not mean that it's entitled to bankruptcy jurisdiction or admiralty jurisdiction or federal enclave jurisdiction or any of the other jurisdictional assertions that have been made by the petitioners in this case. There's no link. There's no reason to open up the other issues, and second, just as a matter of statutory construction, you don't have to read the second clause narrowly to understand that it confines the broad language of the first language. How does it confine it? Well, it restricts it to sections 1442 and 1443. Well, let me review the argument on policy. The case is here anyway. Big deal. Let's decide the issues. They take a little bit of time. That's the mouse, and the elephant is no longer there. The elephant is, takes a lot of time to appeal, so let's not give him any. Well, Your Honor, in this case is a good example of the reason that we should be concerned about this. We've been three years in limbo between the federal and state courts, and the record below, if you look at the only thing Your Honors have from the record is the notice of removal, but there were 43 exhibits comprising 1100, more than 1100 pages that were part of that, and to foist on the courts of appeals records of that extent and issues, it does not take a lot of extrapolation to understand how that would burden the courts of appeals. Justice Sotomayor? Counsel, would you address the ratification points CSG spoke about, the counters that he mentioned, to why ratification doesn't assist you in this case? Yes, Your Honor. Thank you. Two points. The first is that it's factually incorrect that the nine circuits that addressed this issue prior to 2011 contain no analysis. They all found the language clear, the common sense reading of the statute clear, and many of them pointed that out in particular, but with respect to the body of case law, petitioners and the United States ignore, and I think it's significant, a couple of important cases from this court. The first is Helsin from 2019, a unanimous opinion in which the court was confronted with a line of cases from the federal circuit involving interpretation of patent law, and the federal circuit, of course, was the only one with jurisdiction over these issues. The court relied on that line of cases out of the federal circuit, and the fact that Congress reenacted not just the same language, but added only a new catch-all phrase, and as the court and the United States' amicus in that case said, that would be a very oblique way of attempting to overturn the settled body of law. The settled body of law comes from what a practitioner looking at nine unanimous circuits over 50 years would think at the time, and that is that where there is a federal officer or civil rights assertion and other issues, the only issue that the court of appeals has jurisdiction to review are those issues, and that's what Congress ratified by reenacting the language and only adding 1442 or. There was also, and we cite to the House report, which points out that the reason for this addition was specifically to protect federal officers from removal as civil rights cases do, because otherwise there is no way to get the issue into the court of appeals. Congress put its thumb on the scales for two issues, federal officer and civil rights, because there were important public policy reasons to protect those kinds of defendants against district court error. In all other cases, Congress has made clear, and the courts have consistently held, as this killer, that if it's a subject matter jurisdiction issue or another ground barred by 1447C, there is no right to appellate review, and it's jurisdictional, not just, as Justice Scalia said, it's not just hortatory. Thank you, counsel. Justice Kagan? Mr. Scherer, on your gamesmanship point, why isn't a Belle v. Hood rule or even the possibility of sanctions sufficient to remove that as a concern? Because the burden comes from that large gray area between frivolity and meritless, ultimately meritless, and that's where, as the Tenth Circuit put it, no competent lawyer would, if the rule changes this way, every competent lawyer will look for a way to assert federal officer, simply so that other grounds can be brought up on appeal. And, again, the statistics from the Seventh Circuit are actually ambiguous, because, as the state and local governments' associations' amici point out, while in Liu Junhong, the Seventh Circuit said that, following our opinion, it would be frivolous to assert federal officer as a basis for removal in future cases. In fact, there have been future cases in others, albeit in other circuits, raising exactly the same issue. So I, yeah. I'm sorry, go ahead. I'm sorry. I mean, you said every competent lawyer, Mr. Scherer, but 1442 and 1443 are pretty specific grounds for removal. It's not like everybody's going to have a plausible 1442 ground, is it? Well, Your Honor, the assertion of federal officer jurisdiction in this case, which was rejected by now four circuits, including the Fourth Circuit below, was really based on doctrines that have been soundly disapproved and rejected by this court, ranging from government regulation and supervision to a lack of connection between the conduct that's the basis of the tort, which is misrepresentation and a campaign of deception and denial, and any relationship to the government, much less any appropriate federal interest in promoting those kinds of lies and deceit. But we see them asserted continually. And again, as the same amicus, as well as the New York State amici point out that removal has become a tactic of defendants in a wide range of cases, including environmental regulation, opioids, subprime lending and financial institutions and others. And in every one of those instances, these are involved national industries heavily regulated by the federal government. And you could have colorable assertions and a rule that broadly opened the gates to other issues and appellate rights would not only result in longer delays, but would burden the records of the courts. These are not just our cases, Your Honor, but big cases involving large companies and important interests frequently bump up against federal interest. And the issue here is whether there's a federal officer connection, which there is not. Thank you. Justice Gorsuch. Good morning, counsel. I'd like to return to the text where the chief started us. And it seems to me that everyone would agree that the first clause of 1447 is reference to an order amending a case to the state court from which it's removed is not reviewable. That first portion, everybody agreed that's the whole order. It's not like a court can review some of it. And normally, the question is what happens to the term order as it appears in the second clause. And normally, we read a statute that uses a single term to employ the same definition throughout. The government charges that that's one defect in your statutory interpretation. I didn't hear you address that concern within your discussion with the chief. And I was hoping you might now. Thank you, Justice Gorsuch. So two points. First of all, the first clause of subsection D has to relate to subsection C, which includes an order remanding a case may require payment of just costs and any actual expenses incurred as a result of the removal. And every circuit, 12 circuits have looked at that, and they have all concluded that the ground for the removal is reviewable under the first clause of subsection D. They can address that issue. And under petitioners' view, they could not unless it was a case involving 1442 or 1443. So that's the first point. The second point is- Put aside 1447C. There's a whole list of arguments we could go down that rabbit hole. I'm really just focused on D at the moment. Okay. So D is an exception clause and has to be read in light of the first clause, which is a general bar. And it says, removed pursuant to section 1442 or 1443. Now, that cannot be procedural because 1442 and 1443 are exclusively substantive. They set forth the standards for federal officer and civil rights qualifications for removal respectively. So pursuant to section 1442 or 1443 must mean something other than simply that the notice of removal referenced them. And this is why that language acts both as a tether, as a matter of common sense interpretation of the statute, focusing the court of appeals attention on those issues and those issues alone. And as a substantive bar, because pursuant to, as this court has interpreted it in other contexts, and as the constitution uses the phrase in pursuant to, for legislation, means not just procedural compliance, but substantive compliance. And what do you do about Yamaha? I understand that the question there was when, and it's which order is the question here, what part of it. So the questions are different. I get that. But I'm not sure I understand why that difference makes a difference. Given the scope of our reasoning in Yamaha. Do you want to address that?  Thank you, Your Honor. It is because the key point in both Yamaha and here is not the use of the term order, but answering the question, what is the scope of review on appeal? And in Yamaha, looking at the language of what the district court can certify as involving a controlling question of law, and looking at the appellate court's discretion to either accept the appeal, the interlocutory appeal at all, or move on to other issues within the scope of the order, the court said the scope of review under those conditions in that context made sense. Justice Chamberlain? Oh, I'm sorry. Finish your answer, please. Oh, thank you, Your Honor. I'll be brief. In 1447D, which is a jurisdictional statute, the language is limiting, not discretionary. It's mandatory, and it should only be read, we submit, to focus attention on the 1442 or 1443 grounds. Justice Kavanaugh? Thank you, Chief Justice. Good afternoon, Mr. Chair. Good afternoon. Start with an atmospheric question. I know the Maryland state court system is very strong and has an excellent reputation. I know the Maryland federal judiciary, similarly, is filled with excellent judges. I asked Mr. Shanmugam why he wanted to be in federal court. He gave me a legal answer. He didn't really go beyond that. You really want to be in state court. Why? We don't believe federal court jurisdiction exists in the cases. There is no federal claim to assert here, Your Honor. The tort that we're concerned with, and the fourth circuit addressed this in detail in its opinion, as did Judge Hollander in the district court. It's on pages 21A and 22A of the circuit court's opinion in the record. It pointed out that the conduct complained of is fraud, deception, denial, and disinformation, and that those are traditional state foci and traditional state remedies. At this point, there is no federal analog. Right. Okay. So that's your legal answer. That's fine. Moving on to a different question. As Justice Gorsuch said, I think the text in isolation is a problem for you, and that means the text is a problem for you. You also, I think, have a problem with Yamaha, and it's never good to be on the wrong side of Justice Ginsburg's opinion, but particularly on a jurisdictional issue. What she wrote for the court there is, as the text of section 1292B indicates, appellate jurisdiction applies to the order certified to the court of appeals and is not tied to the particular question formulated by the district court. That language, as you know well, is similar. What do we do with Yamaha? Justice Gorsuch was touching on this as well, but that sentence in particular seems problematic. Well, I think you start with this court's interpretations of section 1291 in which the court has said that despite virtually identical language about what is appealable from the district courts, that only certain issues within an order are appealable or reviewable and others are not, and the other two statutes that we discussed at length in our brief. And Yamaha's reference to order was in the context of a particular statute, setting aside congressional intent and purpose, which I think also cut in our favor here, but simply looking at the language of section 1292B, it is not similar in its common sense reading to the common sense reading of 1447D. Okay. One last question, Mr. Schiff, which is on the reenactment canon, which Justice Sotomayor and I have been asking about. Just looking at our cases, it looks like it's often used, to borrow a phrase in a different context from Justice Kagan, like icing on a cake already frosted when we use the doctrine. You cited Helston, and that's a good case for you to cite, I agree, but that was relying most in the fact that our precedent, we were sticking with our precedent. And I did mention the reenactment, but Professor Eskridge in his treatise has pointed out that the presumed intent justification behind that doctrine is, in his words, unusually weak, end quote. And I just wonder how much work it can do here, given that it's really not clear, we don't have any indication that Congress actually, or members actually focused on this and intended in any way to ratify the interpretation. Can you respond to that? Yes, Your Honor. First of all, in Helston, the point was there was not controlling authority from this case, I'm sorry, from this court, but rather there was from a circuit court, the federal court, the federal circuit. And second, in his treatise, Scalia and, shoot, I'm spacing whether it's Garner or Warner. It's Garner. What they, Garner, thank you. The issue is whether a practitioner at the time would view the issue as settled. And here, a practitioner in 2011 would look at the unanimous 50 years of precedent from nine circuits that it all held, that if the issue goes up to a court of appeals, and it's among several, that only the 1442 or 43, actually, to that point, it was only 1443 ground could be reviewed. Just to conclude. Counsel, I want to walk you through a procedural question that I have about your interpretation. So, I want to talk about your pursuant to argument in which you say that a case hasn't been removed pursuant to 1442 or 1443 unless it has been correctly removed pursuant to those cases. So, in other words, in this case, because the officer removal ground was flawed, we have been removed pursuant to the officer removal ground. Has any court of appeals ever adopted that argument? For 1442 and 43? As it turns out, I'm sorry, you're reading a 1447D, which you say that pursuant to, you lean on pursuant to as one of the reasons to construe the statute your way. Correct. And the answer is yes. In fact, it was the Fourth Circuit in the 1969 opinion called House v. Dorsey, 408 F 2nd, 1008. It was a 1443 removal solely. The court of appeals looked at it and held that the removing party did not qualify under 1443 and dismissed for lack of jurisdiction. Well, the court didn't do that here, right? Because, I mean, if you're right, it seems like on appeal, if the Fourth Circuit in this case concluded, as it did, that the remand order was proper, that it had not been properly removed under the federal officer removal statute, it should have dismissed for lack of jurisdiction, not affirmed the remand order, correct? Yeah, correct, Your Honor. The general practice, though, in fact, the universal practice in the courts that have language interpretation to the statute has been to dismiss the other grounds asserted for lack of jurisdiction and then either affirm or reverse on the merits of this particular. But, counsel, that's inconsistent with your reading of the statute because if the court doesn't have jurisdiction unless the case has been properly removed pursuant to, say, the federal officer removal statute, there's no jurisdiction. It can't affirm. It would have to dismiss even on that ground. So if courts were implicitly doing it your way, they wouldn't procedurally be disposing of these cases this way. So there are two things. One is we offer two different ways of reaching the same result. One is under a common sense language reading of the statute in which the words pursuant to qualify the exception and tether the appellate court's review to those issues. But it's not necessarily, as Your Honor points out, it's not necessarily a jurisdictional analysis. It just means that the appeal has to be limited and focused on those grounds. The other reading is the jurisdictional analysis, which we think flows from the use of terms that this court has consistently held have substantive jurisdictional meanings, for instance, in Helmerick and in Ruiz. So, counsel, I just want to ask a clarifying question. When you say the jurisdictional analysis, is that the analysis that I just asked you about? Is that what you're calling a jurisdictional analysis of pursuant to? Yes, Your Honor. Pursuant to establishes a jurisdictional threshold and that a case must substantively comply with the requirements of 1442 in order for the case to have been removed pursuant to that provision. Well, counsel, let me turn you back to your other pursuant to argument, which, as I understand it, kind of implicitly means pursuant exclusively to. Does that make sense? Because then someone who had a basis for removing under, say, the civil rights removal statute  No, Your Honor. The point is that on appeal, having been remanded, the error that can be corrected by the Court of Appeals is limited to the specified ground. And that's what the common sense reading is. Nothing is allowed except it is allowed to look at orders remanding pursuant to specific provisions. A minute to wrap up, Mr. Scheer. Yes, thank you, Your Honor. The best common sense reading following up on this colloquy of the exception clause is that it creates a limited exception to 1447D's general bar on appellate review for federal officer and civil rights grounds and only for those grounds. Petitioner's reading would create an exception that swallows that rule, an exception that would apply to one group and one group alone, defendants who make meritless claims to removal on either of them. The text does not compel this reading, and it is implausible to think that is what Congress intended. The interpretation also runs contrary to the principles and purposes that animate section 1447D. Consistent with nearly unanimous view of the lower courts, including the four circuit courts to decide this issue in the last year, and consistent with the view ratified by Congress in 2011, this court should affirm. Thank you, Counsel. Mr. Shanmugam, rebuttal. Thank you, Mr. Chief Justice. There is one fundamental problem with Respondent's argument today. It finds no home in the actual language of section 1447D. There's simply no way as a matter of ordinary English to construe order to mean merely a portion of an order. In Yamaha, Justice Ginsburg, writing for a unanimous court, relied on that plain meaning to reach the same conclusion. And Respondent's interpretation would have the added consequence of giving the phrase order remanding a case different meanings in different clauses of the very same statutory sentence. Respondent's only colorable textual argument here is its ratification argument. But Justice Kavanaugh, this is anything but a classic case for ratification, especially in the absence of any relevant legislative history. As Justice Scalia explained in his opinion for the court in Alexander v. Sandoval, the relevant inquiry is whether one can, quote, assert with any degree of assurance that congressional failure to act represents affirmative congressional approval of the court's statutory interpretation. Here, there is simply no reason to believe that Congress was preferring the unreasoned decisions of some courts of appeals construing this statute over the reasoned decisions of this court construing materially identical ones, particularly given the technical nature of the 2011 amendment. Congress could well have concluded that it wanted plenary review in these cases and that the value of correcting erroneous remands in these specific contexts outweighed the cost of any incremental delay. Justice Thomas, you expressed concern that this could lead to the smuggling in of additional issues on appeal. Of course, under section 1291, plenary review is the default, not the exception in our appellate system. But there's no reason to believe that there are going to be a lot of these cases. As the DRI amicus brief notes, in the five years since the Seventh Circuit adopted our interpretation, there have only been six notices of removal citing either of these statutes and only three appeals in those cases. And again, sanctions and fees are available to deter any abuse. Indeed, the very provisions at issue here specifically state the notices of removal are subject to the requirements of Rule 11. And finally, delay is not a significant concern here. Justice Sotomayor, the reason there has been delay in this case has not been because of the other grounds for removal, which because of its erroneously narrow view of its own jurisdiction, the Court of Appeals, after all, did not reach. Our rule would enable courts of appeals to resolve these appeals more efficiently where a court concludes that there is an easier ground for removal than the often fact-intensive federal officer ground. And there would be delay only in a case in which a federal court stays the state court proceedings on remand, which would occur only when the court determines that a defendant is likely to succeed on its appeal. There is therefore no good policy reason to override the plain text of Section 1447D. And because there is plainly federal jurisdiction over these claims, this court should therefore reverse the Court of Appeals judgment. Thank you. Thank you, counsel. The case is submitted.